IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| EDWARD SILACZ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 04 C 6143 |
| | ) | |
| THE TOWN OF CICERO, an Illinois | ) | |
| municipal corporation, a body politic, | ) | |
| WAYNE JOHNSON, individually, and | ) | |
| in his official capacity as Superintendent | ) | |
| of the Police Department for the Town | ) | |
| of Cicero, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff alleges that he was a police officer in Cicero who refused to donate to the mayor's political campaigns and cooperated with federal authorities in a criminal investigation and prosecution. That led to reprisals and a resulting disabling depression. He was on a disability pension for several years until, he alleges, he recovered and was capable of returning to work – this during the time frame October 2002-March 2003. He has sought to return, but no action has been taken in that regard except to terminate his disability pension. That forced him, he alleges, to seek and receive a regular pension. Plaintiff claims that the failure to reinstate him to duty is due to his presumed disability "and/or" in retaliation for his assistance to and testimony in the federal criminal investigation. He alleges in Count I a retaliatory discharge under Illinois law; in Count II, constructive discharge under Illinois law; in Count III, violation of the Americans with Disabilities Act; in Count IV, intentional infliction of emotional distress; and in Count V, a section 1983 claim based on the First Amendment.

Defendants move to dismiss.

While the statute of limitations is an affirmative defense, the defendants make clear that they will rely upon it. Accordingly, we focus on the allegations pertaining to events subsequent to September 21, 2002 – and the salient event is a non-event: the failure to reinstate.

The complaint indicates that officials of the Police Department and of the Town of Cicero administration hold the reinstatement authority. Presumably that includes defendant Johnson and quite possibly he is the decision-maker for the Town of Cicero. Or possibly the Police and Fire Commission is the decisionmaker. But, in any event, reinstatement is a discretionary judgment and the Illinois legislature shields the decisionmaker and the municipality from liability in those circumstances, even if the decision was wilful and wanton. Private employers are liable for retaliatory discharges, but the legislature has shielded public employees, and we are bound by that determination. <u>Zinnermon v. City of Chicago Department of Police</u>, 209 F.Supp.2d 908, 910-11 (N.D. Ill. 2002). Count I is dismissed. Count II is dismissed for the same reason.

That plaintiff does not have a state law retaliatory discharge (actually, failure to reinstate) claim does not impact any federal claims. He alleges two, alternatively and conjunctively. The first is that the failure to reinstate was due to a perceived conclusion that he is still disabled, even though he is not. An employee's adverse employment action based upon a perceived disability, even though the perception is erroneous, can be a violation of the Americans with Disabilities Act. <u>Sutton v. United Air Lines, Inc.</u>, 527 U.S. 471, 489 (1999); <u>Cigan v. Chippewa Falls School Dist.</u>, 388 F.3d 331, 335 (7th Cir. 2004). Defendants contend that plaintiff, by pleading that the Pension Board, finding plaintiff not disabled, has pleaded

himself out of court. Not so. The Pension Board so determined, and then terminated his pension, but it, apparently, does not make the reinstatement decision. Perhaps it is unlikely that such a perception motivated the decisionmaker, but that we cannot determine on a motion to dismiss. It is clear, however, that any liability is that of the employer, not one of its employees. Silk v. City of Chicago, 194 F.3d 788, 797 n.5 (7th Cir. 1999). The motion to dismiss Count III is granted with respect to defendant Johnson and denied with respect to defendant Town of Cicero.

The other federal claim also survives, although perhaps in a somewhat restricted fashion. The Town of Cicero is already a defendant, obviously in its official capacity. That means any claim in Count V against defendant Johnson in his official capacity is redundant. The section 1983 claim against defendant Johnson in his official capacity is dismissed. He also argues that plaintiff cannot establish any nexus between any protected activity and the events leading to his retirement because too much time had elapsed, and thus the personal capacity claim should also be dismissed. That might be so if plaintiff had been continuously employed after his cooperation with the prosecution, but he was not. He was on disability. His efforts to be reinstated proved the first opportunity to retaliate. The motion to dismiss the section 1983 claim against defendant Johnson in his personal capacity is denied. But what about the Town of Cicero? Its potential liability depends upon Johnson's role as a policymaker. If he retaliated, did he do so because he established policy, or because he disregarded municipal policy that provided for reinstatement (assuming a position was available) when a disability ends? The allegations leave that uncertain. For now, we deny the motion of the Town of Cicero to dismiss Count V.

Finally, we dismiss Count IV. The only event of which plaintiff can complain is the

failure to reinstate, and a failure to reinstate is not the stuff of the Illinois state law claim of intentional infliction of emotional distress. Plaintiff's claim of severe depression relates back to earlier conduct. He does not claim the failure to reinstate has led to a relapse. Rather, he claims he is fit for duty and wants to serve.

## CONCLUSION

Claims I, II and IV are dismissed. The claims against Johnson in Claim II and against him in his official capacity in Claim V are dismissed. The motions to dismiss are otherwise denied.

JAMES B. MORAN
Senior Judge, U. S. District Court

March 16, 2005.